NUMBER 13-99-325-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JERRY WARREN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court 


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden, and Justices Dorsey and
Yañez

Opinion by Justice Yañez



 Appellant, Jerry Warren, was indicted for the offense of burglary
of a habitation.(1) The indictment also alleged a prior felony conviction for
enhancement purposes. A jury found appellant guilty, found the
enhancement allegation true, and assessed punishment at sixteen years
imprisonment in the Institutional Division of the Texas Department of
Corrections, and a $1000 fine. By a single point of error, appellant
asserts the evidence is insufficient to support his conviction because
there is no evidence to show he perpetrated the offense.

Facts

 On August 27, 1998, at 3:30 p.m., Renata Barfield left her home
in Victoria, Texas, to pick up her child at school. At the time of the
burglary, she had lived with Clarence Terrell and their child at the home
for about two years. Barfield owned a Fisher stereo, which she was
purchasing from Advantage Rent To Own ("Advantage"). The serial
number of the stereo was etched on the back of the unit. When Barfield
left at 3:30, the stereo was in the house. Clarence Terrell came home
shortly after 4:15 p.m. and began to shower. Barfield returned home
about 5:00 p.m. and noticed that the stereo was missing. The house
had been locked, but the window over the kitchen sink was left ajar due
to air conditioning difficulties. At 4:30 p.m., a boot print was seen on
the kitchen floor and the kitchen window was wide open. Footprints
were seen outside the house under the kitchen window. A light blue
ball cap inscribed with dogs and the message, "If you can't run with
the big dogs, stay on the porch," was found in the kitchen sink. The
cap did not belong to Terrell, Barfield or their child. A cap of this type
had been seen on appellant. At trial, appellant's girlfriend, Yvonne
Richardson, testified that appellant had a ball cap similar to the cap
found at the scene. The police were called shortly after the discovery
of the burglary. Barfield called Advantage and obtained the serial
number of the stereo. She called several pawn shops and discovered
appellant had presented the stolen stereo to Doc Holliday's and had
obtained a $35.00 loan from the clerk, Dennis Blayloch. Blayloch
testified appellant had pawned the stereo at 4:55 p.m. on August 27,
1998, according to the pawn ticket. Appellant had shown his Texas
driver's license to the clerk. Appellant later admitted in a written
statement to the police that he pawned the stereo at Barfield's request. 
Barfield denied giving appellant consent to take and pawn the stereo. 
All witnesses, including Blayloch, identified appellant in court.

Analysis

 By a single point of error, appellant asserts the evidence is
insufficient to support his conviction because there is no evidence to
show he entered the habitation to steal the stereo. 

 The United States Supreme Court set the standard for reviewing
legal sufficiency of the evidence in Jackson v. Virginia, 443 U.S. 307
(1979); Dewberry v. State, 4 S.W.3rd 735, 740 (Tex. Crim. App. 1999). 
In reviewing a legal sufficiency question, we must view the evidence in
the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson, 443 U.S. at 319; Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998); Butler v. State, 769
S.W.2d 234, 239 (Tex.Crim. App. 1989) (reaffirming Jackson standard
of review). This Court must evaluate all of the evidence, both direct and
circumstantial, whether admissible or inadmissible. Dewberry, 4
S.W.3d at 740; see Johnson v. State, 967 S.W.2d 410, 412 (Tex.Crim.
App. 1998). When reviewing the evidence, our role is not to become a
thirteenth juror. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.
App. 1988). We may not re-evaluate the weight and credibility of the
record evidence and thereby substitute our judgment for that of the
fact-finder. Dewberry, 4 S.W.3d at 740. Whether the evidence fails to
exclude every outstanding reasonable hypothesis other than guilt is not
a measure of the legal sufficiency of the evidence. Geesa v. State, 820
S.W.2d 154, 161 (Tex. Crim. App. 1991) (rejecting the reasonable
hypothesis construct as a measure of legal sufficiency).

 The jury is the exclusive judge of the credibility of the witnesses
and of the weight to be given their testimony. Mosley, 983 S.W.2d at
254; Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Reconciliation of conflicts in the evidence is also within the exclusive
province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim.
App. 1986).

 As the State points out, the evidence in this case establishes: (1)
the stereo, matched by serial number, was stolen from the habitation;
(2) a hat similar to appellant's was found in the sink at the site of entry,
the kitchen window; and (3) appellant admitted he pawned the stereo.

 We therefore hold that the evidence is sufficient to show appellant
committed the offense of burglary of a habitation. We overrule
appellant's sole point of error.

 We AFFIRM the judgment of the trial court.


 _______________________________

 LINDA REYNA YAÑEZ

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 31st day of August, 2000.


1. See Tex. Pen. Code Ann. § 30.02(a)(1), (c)(2) (Vernon Supp. 2000).